ROGERS v. WINCH.

1. **New Trial:** EXCESSIVE DAMAGES: DISCRETION OF COURT: PRACTICE ON APPEAL. When the trial judge has determined that the fair administration of the law demands that a new trial should be granted for any cause known to the law, this court will interfere only when it is clearly shown that he has abused the discretion which the law vests in him.

2. **Appeal to Supreme Court:** RECORD. A notice of a claim for an attorneys' lien is no part of the record as between plaintiff and defendant, and should not be embodied in the abstract on appeal.

*Appeal from Monona District Court.*

WEDNESDAY, DECEMBER 3.

ACTION for damages on account of an alleged assault and battery by defendant on plaintiff. There was a verdict for plaintiff, which was set aside by the district court, and the appeal is from that order.

*G. W. McMillan* and *S. H. Cochran*, for appellant.

*J. W. Barnhart*, for appellee.

REED, J.—The verdict awarded plaintiff $2,000 as compensatory damages, and $3,000 as exemplary damages. The district court set the verdict aside, and granted a new trial, on the ground that the damages were excessive, and appeared

Rogers v. Winch.

to have been given under the influence of passion and prejudice. It has often been held by this court that, when the trial judge has determined that the fair administration of the law demands that a new trial should be granted for any cause which the law recognizes as ground for a new trial, we will interfere with his action only when it is clearly shown that he has abused the discretion with which the law vests him. We have examined the evidence on which this verdict was found with care, and we have to say that, in our opinion, the district court was fully warranted in setting it aside. As the cause will probably be tried again, we do not think it would be proper for us to set out or comment upon the evidence further than to say that, conceding the facts of the transaction in question to be as plaintiff claims they are, we have never known so large a verdict to be sustained on such a state of facts.

In an amended abstract filed by appellee, he sets out as part of the record a notice served by plaintiff's counsel on defendant, after the verdict was returned, notifying him that he claimed an attorney's lien on any judgment that might be rendered thereon. Plaintiff filed a motion to strike out this portion of the abstract. This motion is sustained. The notice in question in no manner pertains to the record as between plaintiff and defendant, and it was improperly embodied in the abstract.

AFFIRMED.