No. 5655.

## BLAIN & KELLY *v.* PACIFIC EXPRESS COMPANY.

1. PLEADING—EVIDENCE.—When a proclamation offering a reward for the stealing or embezzling of money from an Express Company was alleged in a suit against it, to have been made by the company, acting through

designated parties as its officers, the authority can not be questiones by the defendant, except on a plea of non est factum, filed as required by statute.

2. EVIDENCE.—In such a suit the declarations of a third party who assumed to act for the company, are not admissible in evidence against it for the purpose of showing that the defendant agreed to pay the reward, in the absence of evidence showing his authority to make them, when there is no proper plea setting up such ▮▮▮rity, and this, though they were made by the superintendent of t▮▮▮pany.

3. CONTRACT.—A proclamation by ▮▮▮rested, to pay a designated sum for the arrest of two persons who had stolen or embezzled money, constitutes, when acted on by one who makes the arrest of both persons, a contract which may be enforced; but it is single in its nature, and no right of action exists to recover any portion of the reward for the arrest of but one of the parties, when the failure to arrest the other, is not caused by the fraud or fault of the person offering the reward.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

The opinion states the case.

*Hare, Head & Hare* and *A. C. Turner,* for appellants: On their proposition that the court erred in not allowing plaintiffs to prove the admission and agreement of L. A. Fuller, superintendent of the defendant.

That an instrument offering a reward for the joint arrest of two persons for the commission of an offense in a foreign State, when the criminals flee from the State where the offense is committed, to a neighboring State, and there one of the criminals is arrested by the marshal and policeman of a city, or a deputy sheriff of a county, the contract offering the reward is divisible, and the party making the arrest is entitled to one-half of the joint reward offered for the arrest of both criminals, although he may be a peace officer of such neighboring State, they cited Wood's Master and Servant, sec. 169, 170, 171; Rea v. Smith, 2 Hammond, Ohio, 193; Shuey v. United States, 92 U. S. Reports, 73; Morrell v. Quarles, 55 Alabama, 544; Symms v. Frazier, 6 Massachusetts, 344; Fargo v. Arthur, 43 Howard's Practice, 193; Means v. Hendershott, 24 Iowa, 78; Davis v. Munson, 43 Vermont, 676; Russell v. Bartlett, 44 Vermont, 176.

*Brown & Gunter,* for appellee: On their proposition that the mere fact that Fuller, as superintendent of the Pacific Express Company, had signed a proclamation of reward, jointly with

Morseman, its vice president, was not sufficient evidence to render the company bound by his, Fuller's, promises and admissions made out of the scope of his agency, and after the transaction in question, cited 1 Wait's Actions and Defenses, pages 230 and 231; McAlpin v. Cassidy, 17 Texas, 449; Fort Worth & Denver City Railroad v. Johnson et al., 4 Texas Law Review, 216; B. G. R. Company v. Slaughter, 33 Indiana, 185; Storey on Agency, section 134; Angell & Ames on Corporations, 303.

That the court properly charged the jury to find for the defendant because the contract was to pay five thousand dollars for the arrest of Tiller and his accomplice, and the arrest of one of the criminals does not comply with the contract. The acceptance of an offer, to be binding, must be full and identical with the terms of the offer, they cited Jones v. Phœnix Bank, 8 New York, 228; Fitch v. Snedaker, 38 New York, 248; Summers v. Mills, 21 Texas, 77; Story on Sales, section 136; Anson on Contracts, page 14, section 2.

STAYTON, ASSOCIATE JUSTICE. The appellants brought this action to recover five thousand dollars, which they claimed as a reward offered for the arrest of one Tiller and his unknown accomplice who were charged with having stolen or embezzled a large sum of money from the express company.

The proclamation offering the reward was copied into the petition, and closed with the following words: "A reward of five thousand dollars will be paid for their arrest, and two per cent. of all money recovered."

This was signed by "E. M. Morseman, vice president and general manager," and by "L. A. Fuller, Supt. Pac. Exp. Co."

The petition alleged that one McFadden was the accomplice of Tiller and that he was arrested by the plaintiffs and confined in prison in Texas, until upon requisition from the governor of Missouri, he was delivered to the proper officers by whom he was carried to the State of Missouri, where he was indicted and convicted.

By a supplemental petition it was alleged that Fuller, who signed the proclamation offering the reward, came to Texas with the requisition for McFadden, and that, while he was in Texas, he "admitted the liability of the defendant for the reward so offered for his arrest, and agreed that defendant would pay the same as soon as it was ascertained who was entitled to it, saying that one Harrington might claim the

reward, and that defendant did not wish to pay the claim twice. But he, the said Fuller, admitted the liability of the defendant to pay the reward for the arrest of the said McFadden in compliance with said offer, and agreed to pay twenty-five hundred dollars in compliance therewith to whoever was entitled to it for said arrest." The petition then abandoned all claim for more than twenty-five hundred dollars. The answer denied all the averments of the petitions, and denied specially that Fuller had any authority whatever to bind the express company by the statements or agreements set up in the supplemental petition. McFadden was arrested, under a warrant, by the plaintiffs, both of whom were peace officers authorized to execute criminal process, and this was alleged in the answer and made a ground of defense as were some other matters not necessary to be stated.

On the trial, the plaintiffs proved that McFadden was arrested by them as alleged, and read in evidence the proclamation offering the reward, and they also showed that Fuller, at the time the reward was offered, and continually until his deposition was taken in this case, was the superintendent of the defendant company, but there was no effort made to prove that he had authority to make the statements and agreements set up in the supplemental petition.

It was also proved by Fuller that McFadden was convicted and sentenced to the penitentiary in the State of Missouri on an indictment charging him with being an accomplice of Tiller in the "robbing" of the express company. On the trial the plaintiffs proposed to prove the declarations, admissions and agreements alleged to have been made by Fuller after the arrest of McFadden, which was objected to on the ground that it had not been shown that Fuller had authority to bind the defendant company in this manner. This objection was sustained and the evidence excluded, and this is assigned as error.

The proclamation offering a reward was alleged to have been made by the Pacific Express company acting through the persons who assumed to act as its officials, and it could not be heard to deny their authority thus to bind it unless a plea of non est factum, as required by the statute, was filed.

But the declarations, admissions or agreements of Fuller alleged to have been made orally subsequently to the arrest of McFadden, were put in issue without a sworn plea, and were of no value to the plaintiff unless it was shown that he had au-

thority to make them, which was not admitted by the defend-fendant; but on the contrary, was expressly denied.

The fact that Fuller was shown to be the superintendent of the express company was not sufficient to show that he had authority to bind the company by his admissions, declarations or agreement set up in the supplemental petition. The question of his authority was in issue; the burden of proving it was on the plaintiffs, and in the absence of proof showing such authority as would enable him to bind the express company by his admissions, declarations or agreements alleged, the court did not err in refusing to admit them.

It is urged that the proclamation offering the reward for the arrest of the two persons, if acted upon in the arrest of one, would constitute a contract that might be apportioned, and the plaintiffs under it entitled to one-half of the reward offered for the arrest of both on the arrest of one of the persons for whom the reward was offered, and so, independent of any declaration or agreement to that effect claimed to have been made after the arrest. The promise is to pay so much money for the arrest of the two persons. This is an entire proposition which, when acted upon by any person, would constitute a contract single in its nature, and not subject to apportionment under rules recognized whereever the common law is in force. No facts are stated, such as that the plaintiffs were prevented from arresting both the persons for whom a reward was offered by the fault or fraud of the defendant, from which the law would raise a new contract and give a remedy on a *quantum meruit*. It would be but the ordinary case of a partial performance of an entire contract if it affirmed that the act done by the plaintiff was performed with a knowledge that the reward had been offered, which does not appear to have been true in this case.

It does not become necessary to determine whether one who, without knowledge that a reward has been affered for a named person, arrests such person, is entitled to the reward; as to this there is some conflict of authority. Nor does it become neces-sary to determine whether the fact that the plaintiffs were peace officers would defeat their right to recover the reward if they were otherwise shown to be entitled to it.

In view of the fact that there could be no recovery of one-half or any part of the reward offered for the arrest of the two for the arrest of but one, and of the further fact that the ad-

mission or agreements of Fuller, made after the arrest, were not admissible to fix liability on the defendant in the absence of proof that he had authority so to bind, it becomes unnecessary to consider the rulings by which the records of the proceedings in the court in the State of Missouri, stating the indictment and conviction of Tiller and McFadden for the theft or embezzlement from the express company were excluded.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Opinion delivered November 11, 1887.