No. 5680.

COLEMAN & DAVIDSON *v.* JOHN COLGATE.

1. EVIDENCE—DEPOSITIONS.—When a party to a suit, in testifying by deposition taken at his own instance, declines to produce, in response to a cross interrogatory, letters or documents in his possession which are

called for by his adversary, on the ground that they are too voluminous, and not that they are irrelevant to the issue, the deposition should on motion be suppressed.

**2.** PRACTICE.—When a motion to suppress depositions is filed, and notice thereof given before the trial of the cause begins, the motion may be considered and determined by the judge, either before the trial begins or during its progress, in his discretion.

**3.** AGENCY—DECLARATIONS.—Agency can not be established by evidence of the declaration of one who represents himself as the agent.

**4.** JUDGMENT.—In a suit against an agent by his principal, who was joined with other defendants, when a recovery is sought for the value of property belonging to the principal, and sold and converted by the agent and the purchasers, his co-defendants, and the co-defendants ask no judgment over against the agent in the event of a recovery against themselves, it is not error to enter judgment on a verdict returned, under *instructions*, against the co-defendants alone, and in favor of the agent.

APPEAL from Coleman.   Tried below before I. P. Hutchison, Special Judge.

This suit was brought by John Colgate against D. E. Gaston and Coleman & Davidson, to whom Gaston, acting as the agent of plaintiff, had sold wool belonging to the plaintiff.   The defendants Coleman & Davidson set up, by way of defense, that Gaston and one Starkneacter were the general agents of the plaintiffs, and they pleaded, in set off, the value of goods sold and delivered to Gaston.   Gaston, by contract with the plaintiff, was interested in the profits to be derived from a flock of sheep belonging to plaintiff, and his agency to bind plaintiff by the purchase of goods, was denied.   The plaintiff, to establish his claim of action, procured his own depositions to be taken, and in response to a request of defendants (by interrogatory) failed to attach to his answer certain copies of letters that he had written to Starkweather, giving as his reason that they were too voluminous.   There was evidence tending to show that those letters related to the question of agency.   The opinion sufficiently indicates the character of the exceptions taken on the trial.

*John C. Randolph* and *Walton, Hill & Walton,* for appellants, cited 14 Texas, 341; Weeks's Law of Depositions, section 367; 29 Texas, 103; 27 Texas, 695, and Wharton on Agency, sections 44 and 127.

*H. T. Sims,* for appellee, on the suppression of the deposition,

cited Butler v. Robertson, 11 Texas, 142; Holman v. Criswell, 13 Texas, 38; Shannon v. Taylor, 16 Texas, 422; Hopkins v. Clark, 20 Texas, 64.

That there was no error in the judgment, he cited Smith v. Johnson, 8 Texas, 424; Pearce v. Bell, 21 Texas, 690; Hardy v. DeLeon, 5 Texas, 211, 142; Galbreath v. Atkinson, 15 Texas, 25.

COLLARD, JUDGE. Appellants in their first assignment of error, complain of the ruling of the court in refusing to suppress the depositions of appellee, because he declined to attach letters written by him to Starkweather requesting him to look after his business in Coleman county.

It is well settled that depositions will be suppressed on motion for that purpose, when on cross examination a witness or a party to a suit refuses to answer a material question. (Lee & Co. v. Stowe & Wilmerding, 57 Texas, 451; H. & T. C. R. R. v. Shirley, 54 Texas, 142, 143; Weeks' Law of Dep., 367, 370.)

If a party to a suit evades a question intended to discover facts in his knowledge, beneficial to his adversary, the rule would apply with more force than where the witness had no interest. When he seeks to use his own depositions and is asked on cross interrogatory to produce letters or documents in which his adversary is interested and declines to do so, his depositions should be excluded on proper motion for that purpose.

Plaintiff was asked on cross interrogatory to attach copies of letters which from the investigation might contain the best evidence of the authority of Starkweather to act as his agent; and if the letters did contain such authority, defendants had the right to a copy of them if in plaintiff's possession. Plaintiff says he had letter press copies; he did not answer that they would be useless for the purpose for which defendants asked them, or that they would throw no light upon the subject; he simply declined to produce them, assigning as a reason, that they were voluminous, and were largely about private matters not connected with the suit. He constituted himself the judge of defendant's right to an inspection of the letters bearing upon the subject of controversy. Defendants were then left to their legal privilege of proving the contents of the letters if they could, or to a similar demand upon Starkweather for the letters. They sought a discovery from plaintiff of writings between him and his alleged agent, a right in equity that they would not have against Starkweather who was a mere witness and not a party to the suit.

The right of the court to compel a discovery from plaintiff, and the right of defendants to such discovery before issues were tried, rests upon different grounds from the power of the court over private documents of a mere witness on the trial. Enough was developed in the investigation to indicate the relevancy and importance of the letters. Without them defendants had to submit to the plaintiff's and Starkweather's construction of the powers given to the latter in the correspondence, and what was contained therein. It was evident from the evidence that whatever power was given to Starkweather to act for plaintiff, was contained in the letters. The correspondence was voluminous, largely related to other matters, but whatever it disclosed about the matters in controversy might, upon inspection by the court, have been submitted to the jury to be passed upon by them. The relations between the plaintiff and Starkweather were elaborately explained by the plaintiff's evidence showing that the former was not such agent as could authorize the account to be charged to plaintiff, and Starkweather had testified to the same facts, and it may be that the letters would sustain their view of the matter, but that could not be ascertained positively without the production of the writings themselves. Defendants had the right to have them exhibited. (Story's Eq., vol. 2, sec. 1483, 1490, inclusive.)

There was error in the refusal of the court to suppress the depositions, for which the case must be reversed. The court overruled the motion, because it was not called to his attention until after the trial commenced "and for other reasons" not stated. The law requires that the *motion* to suppress, must be made and *notice* of it given to the adverse party before the trial commences; the notice was waived and consent given that the court could consider the motion; when this is done or when the notice is given before the trial commences, the court will act on it either before the trial commences or after. The law does not prescribe that the motion shall be *acted* on before the trial begins, but that notice of it be given before.

We do not find there was any error in excluding the letters of plaintiff to Graston. They are letters about the business of the parties, conducted under the written contract, and other matters, but we can not see upon inspection of them that they in anywise change the contract, make Graston a general agent of plaintiff, or tend in the least to give him authority to run the account in the name of the plaintiff and have the goods charged to him.

There was no error in excluding the evidence of Walker. Stark-weather's declarations, if he had made them, that he was plaintiff's agent, could not establish the agency. Agency can not be established in this way, nor can the admissions and statements of one representing himself to be an agent, bind the principal until the agency is established. Starkweather denied that he had made such statements; said he had no authority to act as such agent, and there was no proof from any source that the agency existed. All the witnesses who knew anything about it, testified that Graston had no authority from the plaintiff to have him charged with the goods. If the agency had been established, Starkweather's directions about the account would have been admissible. There was no error in the charge of the court as claimed in the seventeenth assignment of error, that the jury might find for a part and against a part of defendant. Plaintiff had sued Graston and Coleman & Davidson for the proceeds of the sale of the wool. It appeared that Coleman & Davidson had received the wool from Graston, had it sold and retained the proceeds; they had no prayer over against Graston if they lost in the suit and under the circumstances developed on trial it was proper for the court to instruct the jury as he did.

The eighteenth assignment of error need not be noticed, as the irregularity complained of will not probably occur on another trial.

No other assignments of error are relied on in appellant's brief, and will, therefore, not be noticed.

For the error of the court in refusing to suppress the depositions of Colgate, the cause should be reversed and remanded.

*Reversed and remanded.*

Opinion adopted November 18, 1887.