## J. M. NOEL v. W. C. DENMAN.

### No. 2730.

1. **Trial by Jury.**—The failure of a party to demand a jury when the cause is called on appearance day will not preclude him from the right to have a jury if de-manded in time at a subsequent term, on compliance with the terms of the statute.

2. **Plea to Jurisdiction—Certainty.**—A plea to the jurisdiction which claims the privilege for defendant of being sued in the county of his residence, and alleges that his residence was in a county other than that of the venue of the cause when suit was instituted, is not sufficient. It should contain a distinct averment that his resi-dence was not in the county in which suit was brought.

3. **Separation of Jury.**—It is within the discretion of the trial judge to permit a jury to separate after the trial has begun, without regard to the consent of counsel, and the action of the judge in this regard will afford no ground for reversal when no abuse of such discretion is shown.

4. **Impeaching Witness.**—A witness can not be impeached by showing that he made declarations regarding an immaterial issue.

5. **Agency—Evidence.**—The declarations of one assuming to act as agent for an-other are not admissible to establish such agency.

6. **Declarations—Agency.**—The declarations of an ordinary clerk or salesman in a mercantile establishment regarding a matter not within the scope of his employment are not binding on his principal.

APPEAL from Angelina. Tried below before Hon. L. B. Hightower. The opinion states the case.

*W. J. Townsend,* for appellant. — 1. The plaintiff at the July Term of

the court for 1888 appeared in person and by attorney on the appearance day of said court, and upon the sound of the docket for the purpose of giving either party to the suit the right to demand a jury, jury was refused. At a subsequent term of the court the plaintiff has not, as a matter of right, the right to demand a jury, unless he could show some reasonable excuse for not demanding a jury at a former term of the court. Sayles' Civ. Stats., arts. 3060, 3061; McFaddin v. Preston, 54 Texas, 403; Hardin v. Blackshear, 60 Texas, 132; Berry v. Railway, 60 Texas, 654.

2. The court erred in not sustaining the defendant J. M. Noel's plea of personal privilege to be sued in the county and precinct of his residence. Plea as follows: "Now comes the defendant J. M. Noel and excepts to the jurisdiction of the court, and says that he is now a bona fide citizen of Precinct No. 2, in Cherokee County, Texas, and that he was so residing there at and before the institution of this suit, and that he claims the privilege of being sued in the county of his residence, and that he has not heretofore in this suit waived the right of being sued in the county of his residence; wherefore he asks judgment of the court." Said plea was sworn to as is required by law. Sayles' Civ. Stats., art. 1198; Masterson v. Cundiff, 58 Texas, 472; Blucher v. Milstead, 31 Texas, 621; Holloway v. Blum, 60 Texas, 625; Railway v. Mangum, 68 Texas, 342; Faires v. Young, 69 Texas, 482; 1 Ct. App. C. C., arts. 152, 237, 470, 735; 2 Ct. App. C. C., art. 98; 3 Ct. App. C. C., art. 119.

3. The court erred in overruling the defendant J. M. Noel's first amended plea to the jurisdiction of the court over his person, filed in the District Court. Sayles' Civ. Stats., art. 1294; M. S. & L. Co. v. Campbell, 2 Ct. App. C. C., sec. 16; Durham v. Flanagan, 2 Ct. App. C. C., sec. 23; Fulton v. Thomas, 2 Ct. App. C. C., sec. 245; Cullers v. Wilson, 2 Ct. App. C. C., sec. 818; Blanton v. Langston, 60 Texas, 149.

4. The court erred in permitting J. B. Herrington to testify, over objections of defendant, that he heard Will Noel say in the presence of C. M. Noel, after the institution of this suit, that he (Will Noel) did tell W. C. Denman to buy said due bill—that it was all right; this testimony being offered by plaintiff to impeach Will Noel, who had testified by deposition to the effect that he did not tell W. C. Denman to buy said due bill— it was all right. This testimony is hearsay, and not admissible to impeach Will Noel; no predicate laid for said testimony, and as C. M. Noel was not a party to the suit, the testimony was irrelevant. Johnson v. Richardson, 52 Texas, 481.

5. The court erred in its discretion in permitting the jury to separate for fourteen hours and go where they pleased, under the protest of the defendant, during the trial of this cause, when the defendant's counsel notified said court at the time that said jury would be tampered with by those interested in behalf of plaintiff to his injury during their separation, and urgently requested said court to keep said jury together and in

charge of an officer until a verdict was reached.    Sayles' Civ. Stats., art. 1304.

*H. G. Lane* and *J. D. Gann*, for appellee.— 1. The charge, while it may be correct as an abstract proposition of law on the general principle of agency, is erroneous in this case, because there was no evidence tending to show that Will Noel had any authority from J. M. Noel to bind him as such principal, or authorizing the purchase of said due bill by the said appellee Denman, the proof not going beyond the fact that Will Noel was employed by J. M. Noel to sell goods in his store at Lufkin. Coleman v. Colgate, 69 Texas, 92; 1 Pars. on Con., pp. 44, 45; 11 Texas, 440; 2 Ct. App. C. C., secs. 80, 81, 233, 387, 582, 583; 1 Wait's Act. and Def., p. 230; Greenl. Ev., 13 ed., sec. 64a.

2. Will Noel being employed as clerk in the store (a special purpose), derived no general authority from J. M. Noel by such employment.    If appellee's belief that Will Noel had authority to act as the agent of J. M. Noel arose only from the previous action of Will Noel as agent or clerk in the store, appellee so treating with Will Noel must on his own responsibility ascertain the nature and extent of his previous employment.    1 Pars. on Con., p. 48.

HOBBY, JUDGE.—W. C. Denman sued J. M. Noel, W. Coy, and R. Lampley, originally in the Justice Court of Precinct No. — of Angelina County, on the following instrument:

"LUFKIN, 4—23, 1888.

"Due Coy & Lampley, $89.08.

[Signed]                                        "J. M. NOEL."

The following was endorsed on it:

"E. O. E.    We transfer this to W. C. Denman.

[Signed]                                        "COY & LAMPLEY."

The justice's transcript shows that the suit was brought on April 25, 1888; that defendant's plea to the jurisdiction over his person was overruled; that the cause was dismissed as to Coy & Lampley, and that judgment was rendered for the plaintiff for $59.08.

An appeal was prosecuted to the District Court of the county, where a trial by jury at the January Term, 1889, resulted in a verdict and judgment for plaintiff for $89.08, from which this appeal is taken upon the following assignments of error:

1.    That the court erred in allowing plaintiff W. C. Denman the right of trial by a jury after sounding the docket for that purpose on appearance day, and both parties refused a jury.    The record shows that at the July Term, 1888, when this cause was called on appearance day, both parties failed to demand a jury; and therefore it is claimed that the plaintiff was not entitled to a jury when demanded and the law complied with

at the subsequent term in January, 1889, without a reasonable excuse for the failure to demand one at the preceding term.

We can perceive no error in the ruling of the court in the respect complained of; nor can we see how it could have operated to the defendant's prejudice to grant plaintiff's demand for a jury.

2. The next assignment of error is the action of the court in overruling defendant's plea to the jurisdiction. This plea averred "that the defendant J. M. Noel is now a bona fide citizen of Precinct No. 2, Cherokee County, Texas, and was so residing in said Precinct No. 2, Cherokee County, at and long before the institution of this suit, and claims the privilege of being sued in his own county, and that he had not waived the right of being sued in the county of his residence," etc.; and further, "that he had not authorized suit to be brought against him in said Angelina County," etc.

This plea to the jurisdiction of the person of defendant was verified by affidavit. But it was defective in not alleging with that certainty which would have left no room for doubt that the defendant was not a resident of Angelina County. Under the averments of this plea he might have resided in both counties. Crawford v. Carothers, 66 Texas, 199, and cases cited.

3. It is complained that the court permitted the jury trying the cause to separate. The bill of exception recites, substantially, that for want of time the court failed to get through with the trial of the cause on the day it was begun, and when night came the court dismissed the jury, and allowed them to go where they pleased. The defendant at the time urged the court to keep the jury together, which the court refused to do. The judge states that "the cause had been on trial all day, and it was then after dark; a portion of the jury had been up on a case the night before, and they were allowed to separate after being appropriately instructed not to talk about the case, and not to permit any person to talk about it to them or in their presence."

We see nothing in the record to indicate that the presiding judge abused the discretion lodged in him by articles 1304–6 of the Revised Statutes, which authorize him to allow the jury to separate after being admonished by the court as to their duty. If they had been talked with, or any communication made injurious to the appellant, there should have been at least some effort made on his part to show that fact.

4. There are only two other errors assigned necessary to be noticed. These relate to the admission of the evidence of the witness J. B. Herrington, to the effect that he heard William Noel say after the institution of this suit that he had told appellee Denman that the due bill was all right, and would be paid; and the charge of the court on the question of the liability of appellant for the declarations of said William Noel. The testimony was incompetent. If its purpose was to show that William

Noel was appellant's agent, this could not be established by the declarations of William Noel. If its object was to contradict or impeach the testimony of William Noel, it could not be done by evidence of his declarations as to an immaterial issue. The testimony was hearsay, and appellant was not bound by it. The court instructed the jury, in substance, that if William Noel was appellant's agent and authorized as such to make these declarations, they would be binding on appellant; and that if Denman was induced by William Noel's statements to him to purchase the due bill, and paid a valuable consideration therefor, appellant would be liable, although the due bill may have been originally executed without consideration.

It appears from the evidence that appellant was engaged in making ties some distance in the country from Lufkin; that he was also engaged in the mercantile business in that town. His son William Noel was his clerk in the store, and as such managed and controlled it. It was discovered after the execution of the due bill that appellant was not indebted to Coy & Lampley the supposed balance for which it was given. Coy & Lampley had transferred it to appellee, who testified that before purchasing it he went to see William Noel, who told him it was all right and would be paid; relying upon this he bought it.

The evidence on the other hand was to the effect that William Noel had no authority to act as agent of appellant except as a clerk in his store. The most the testimony can be said to have shown was that William Noel was the clerk or agent of appellant in his store, and as such had power to sell goods and manage the same; but we can see nothing in the facts tending to show that he was appellant's general agent, or that as such clerk he had authority to bind appellant by the declarations testified to. "Where one is appointed to an office or clerkship, one of whose customary duties it is to execute and negotiate bills and notes in the name of his principal, the authority need not be expressly given; it will be implied. But this power does not fall within the scope of authority of the ordinary clerks and salesmen." Tiedm. on Com. Paper, sec. 78, note 1, p. 77.

For the errors mentioned we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted February 25, 1890.