EMMA HOLMAN, Appellant, v. THE OMAHA AND COUNCIL BLUFFS RAILWAY & BRIDGE COMPANY, Appellee.

**Appeal:** REVIEW: *Motion for new trial.* Where it does not appear from the record that any of the grounds of a motion for a new trial were affirmatively overruled, the court, on appeal, will not reverse if any of them are tenable.

DISCRETION. The discretion of the trial court in granting a new trial will not be interfered with unless abuse is shown.

SAME: *Agency.* The evidence of defendant, a street railway, tended to show that its general superintendent had power to look after the general management of the road, but had no authority to settle claims for injuries to passengers, except with the consent of the directors, and that all settlements or agreements to waive limitations, alleged by plaintiff to have been made by him, were without authority, and that settlements with other parties made by the superintendent, were made under express authority. *Held*, the trial judge did not abuse his discretion in sustaining defendant's motion for a new trial on the ground that the evidence did not show that the superintendent had implied authority to waive limitations, as alleged by plaintiff.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, FEBRUARY 2, 1900.

ACTION to recover damages for personal injuries said to have been suffered by plaintiff on or about May 16, 1894, in being thrown from one of defendant's cars. The action was commenced on the nineteenth day of March, 1897. In

order to avoid the statute of limitations, plaintiff pleaded
that defendant, through its general superintendent, entered
into negotiations for a settlement with plaintiff before the
statute had fully run, and led plaintiff to believe that her
claim would be adjusted and paid without litigation; and
that defendant is barred and estopped from pleading the
statute. She further pleaded that defendant, through its said
agent, promised and agreed for his company that it would
waive the statute of limitations. Defendant denied the alle-
gations of the petition showing a right of recovery, and
pleaded the bar of the statute. There was a trial to a jury,
resulting in a verdict for plaintiff. On defendant's motion
this verdict was set aside, and a new trial awarded. Plain-
tiff appeals.—*Affirmed.*

*Flickinger Bros.* for appellant.

*Wright & Baldwin* for appellee.

DEEMER, J.—The trial court made the following order
in passing on the motion for a new trial: "Now, on this
fifteenth day of June, 1898, this cause coming on for final
judgment on the defendant's motion for a new trial, and
the court, being well advised in the premises, sustains said
motion on the ground that the evidence does not show that
W. S. Dimmock, superintendent of defendant company,
was authorized to waive the statute of limitations, and that,
therefore, the statute of limitations had run against the
plaintiff's claim before she commenced her action; and on
said grounds a new trial is granted in this cause."
1    Appellant insists that this was tantamount to over-
ruling the motion on all other grounds, and that the
only question for decision is whether or not the court erred in
sustaining the motion upon the ground indicated. In view of
the disposition made of the case, it is perhaps unnecessary to
pass upon this point. We may say, however, that it does
not appear that any of the grounds of the motion were over-

ruled, and in this condition of the record we do not reverse
if any of them were tenable, for the reason that if the court
erred in giving its reason for sustaining the motion, such
error would be without prejudice. There are, however, but
two vital questions in the case: *First,* the authority
of the alleged agent to waive the statute, or to do any
act with reference thereto that would preclude the
defendant from pleading it; and, *second,* the legal effect of
an agreement to waive the statute, made before the bar had
fully accrued. The first is a mixed question of law and fact,
and the second purely a question of law. In solving these
questions it will be conceded, for the purpose of the case,
that plaintiff was injured through the negligence of the
defendant at the time she claims. Actions for such injuries
are barred by statute unless commenced within two years
from the time the cause thereof accrues. Plaintiff's action
was not commenced in time, and she cannot recover without
proof that defendant has waived the statute of limitations,
or been guilty of such conduct as estops it from pleading
the same. The evidence shows that defendant is a corpora-
tion owning and operating an electric street railway, and
that one W. S. Dimmock was manager and general superin-
tendent of that corporation at the time plaintiff received her
injuries; that plaintiff wrote to Dimmock about her case,
and that in response thereto he called upon plaintiff, and
then and there stated, in effect, that the company would
settle with her, and take no advantage of her whatsoever;
that it would not plead the statute of limitations if she did
not bring suit in time; that defendant would give her a
large sum in settlement; and that he had a right to go around
and see persons that were injured, and had made settlements
with persons that were injurd. It also appears that plaintiff
knew when the statute would bar her claim, and that she
relied upon the statements and promises of Dimmock. It
further appears that Dimmock visited plaintiff subsequent
to that time, and then stated to her that he could not settle

because the president of the company was not at the meeting
of the board of directors, and he did not know just how
much they would allow, but that the company would settle,.
and would not take advantage of her, even if the claim did
outlaw. Most, if not all, of this evidence was denied, and
the issue raised thereby was clearly for the jury. But the
more important question remains, was the court justified in
holding that the evidence failed to show authority in the
superintendent to waive the statute? The rule obtaining
in cases where the trial court sustains a motion for new
trial for want of evidence is well understood. Such
motions are addressed to the sound discretion of the
trial court, and its action therein will not be inter-
fered with, unless it is manifest that such discretion has
been improperly exercised. And this rule is especially appli-
cable where the motion is sustained. *Morgan v. Wagner,*
79 Iowa, 174; *Hopkins v. Knapp & Spalding Co.,* 92 Iowa,.
212; *Moran v. Harris,* 63 Iowa, 390; *Rogers v. Winch,* 65
Iowa, 168. In the *Moran Case* it is said, in effect, that when
the trial court determines that the verdict is contrary to the
evidence, and ought to be set aside on that ground, the case
must be a very clear one to warrant an appellate court in
interfering with its action. The evidence of plaintiff
tends to show that Dimmock was manager and general super-
intendent of the defendant, and that he did in fact settle
claims against it. But defendant produced many witnesses
to show that he was simply general superintendent, with
power to look after the general management of the road
pertaining to employes, hiring and discharging men, running
trains, looking after machinery and office force, and all duties
incident to the superintendency of a railway · that he had
no authority to settle claims except by advice of and with
consent of the board of directors or executive committee, and
that he never made settlement of any claim without the
express authority or approval of the board, or its said com-
mittee; that all the settlements proved by plaintiff to have

been made by him were upon the authority of the company, and not in virtue of his office. It is further shown by the evidence that it was his duty to report all accidents monthly to the board of directors, and also the amounts paid in settlement thereof. A record of the board was also introduced by plaintiff, showing that Dimmock was instructed to see the plaintiff's doctor, and ascertain what he knew of her (plaintiff's) injury. The court instructed, in effect, that the jury should determine the extent of the superintendent's authority from the evidence bearing thereon, referring especially to his previous settlements in so far as they were known or consented to by his principal. It also instructed that if he had no authority to settle claims like that of plaintiff, except as he was directed to do so by the defendant's board, or some member of its executive committee, then plaintiff's plea of waiver of the statute or estoppel should count for nothing, and the verdict should be for the defendant. Further instructions were given to the effect that plaintiff's plea of estoppel was of no avail without proof that the superintendent had power to settle her claim. The question of apparent authority was not submitted, except as stated, and plaintiff is in no position to claim error on account thereof. Viewing the ruling in the light of the evidence and these instructions, it is apparent that there was no such abuse of discretion as will justify us in interfering. Indeed, the great preponderance of the evidence as it appears on the printed page sustains the proposition of want of authority. The extent of the implied authority of a manager or general superintendent depends largely upon the nature of the business, and the degree to which it is placed under his control. It cannot be said as a matter of law that the manager and general superintendent of a railway company has the same implied power as the general manager of a store. A superintendent's admissions of obligation do not necessarily bind his company (*Blain v. Express Co.,* 69 Tex. 74 (6 S. W. Rep. 679); and, generally speaking, one who makes a con-

tract with the president or superintendent of a corportaion is bound to take notice of limitations upon his authority (*Templin v. Railway Co.*, 73 Iowa, 548; *Smith v. Association*, 12 Daly, 304) ; in other words, the authority of a general agent is not unlimited. He is not a universal agent, and has only such powers as are expressly or impliedly conferred upon him. That Dimmock had no express power to settle plaintiff's claim or to waive the statute is conceded, and the court may well have concluded that he had no implied power to do so. The precise nature of implied authority must be determined from the facts and circumstances disclosed by the evidence. The trial court may have found from the evidence adduced by plaintiff that Dimmock said to her that he had no authority to settle claims, but merely to report to the board of directors or executive committee of defendant corporation. If it did so find, there is no question of implied authority in the case. Aside from this, however, we are not prepared to hold that a manager or general superintendent of a corporation has implied authority to waive the statute of limitations. As, we shall hereafter see, the right of the corporation itself to do so is a matter upon which the decided cases are in irreconcilable conflict. The correctness of the instruction with reference to estoppel cannot, for reasons already indicated, be questioned by appellant.

II.   Finding, as we do, that there was no reversible error in sustaining the motion because of failure of plaintiff to prove the authority of Dimmock, the other question, regarding the validity of a promise to waive the statute made before the action is fully barred, need not be determined. As has been said, the authorities on this question are in conflict, although the greater number seem to hold the promise good either as an acknowledgement of the debt, or by way of estoppel, or as a conditional promise to pay in case the plaintiff proves its claim. The authorities pro and con will be found collected in *Bridges v. Stephens*, 132 Mo. Sup. 524 (34 S. W. Rep.: 555. See, also *Cecil v. Henderson*, 121 N. C. 244 (28

S. E. Rep. 481) ; 13 Am & Eng. Enc. Law, 718, and cases cited; 1 Wood, Limitations of Actions (2 ed.) section 76; 2 Herman, Estoppel, section 825. The doctrine that such a promise amounts to an estoppel has apparently been recognized in this state in *Bishop v. Insurance Co.,* 69 Iowa, 184, although it appears that the limitation therein waived was created by contract, and not by law. As the question does not necessarily arise on this appeal, we prefer not to definitely determine the rule until the matter is presented in more extended arguments than are now before us. There was no error in sustaining the motion, and the judgment and order appealed from is AFFIRMED.

GRANGER, C. J., not sitting.