## CANNEL COAL CO. v. LUNA.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1912. On Motion for Rehearing, Feb. 28, 1912.)

1. CORPORATIONS (§ 281*)—OFFICERS AND AGENTS—APPOINTMENT OF AGENTS.

In the absence of a requirement in its charter or in the laws of the state, a corporation may confer authority on an agent for the performance of any act or duty within the limits of its corporate powers by writing or by parol; and agency for it may be implied from acquiescence in or ratification of the acts performed by the agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1187, 1188; Dec. Dig. § 281.*]

2. PRINCIPAL AND AGENT (§ 22*)—EVIDENCE OF AGENCY—STATEMENTS AND ACTS OF AGENT.

The authority of an agent must be traced back to some word or act of the party sought to be shown to be the principal, and hence evidence of the statements or admissions of the alleged agent is not admissible to establish his authority until the fact of agency has been established by other evidence.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

3. PRINCIPAL AND AGENT (§ 121*)—POWERS OF AGENT—EVIDENCE—TESTIMONY OF AGENT.

An agent may testify as to the extent and nature of his authority, where such authority is based upon parol.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 413–415; Dec. Dig. § 121.*]

4. PRINCIPAL AND AGENT (§ 119*)—POWERS OF AGENT—PRESUMPTION OF AUTHORITY.

When a person holds out another as agent in a certain capacity, or knowingly permits him to act as his agent, or where the circumstances are such as to raise the presumption of agency, the authority of the agent to act will be presumed in so far as the rights of third persons are concerned.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 391–401; Dec. Dig. § 119.*]

5. EVIDENCE (§ 244*)—ADMISSIONS—CORPORATE OFFICERS AND AGENTS.

A corporation is not bound by the declarations or admissions of its individual directors, officers, or agents outside the scope of their agency or authority, nor when such admissions are not made in connection with the performance of their duties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

6. PRINCIPAL AND AGENT (§ 22*)—RELATION—EVIDENCE—AGENT'S SIGN.

The signs and stationery of an alleged agent are not competent to establish agency, in the absence of any evidence tending to show his authority as an agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

7. PRINCIPAL AND AGENT (§ 23*)—EXISTENCE OF AGENCY—SUFFICIENCY OF EVIDENCE.

In an action against a corporation for personal injuries, evidence *held* insufficient to show that a certain person was defendant's agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

8. CORPORATIONS (§ 503*)—ACTION AGAINST—VENUE—DOMICILE.

The right to sue a corporation in another county than that of its domicile is for the benefit of the plaintiff, and to entitle him to such a venue he must clearly present the facts necessary to show that it has an agency or representative in the county in which suit is brought.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1935–1939; Dec. Dig. § 503.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Francisco Luna against the Cannel Coal Company. Judgment for plaintiff, and defendant appeals. Reversed, and ordered that the venue be changed to another county and the transcript officially certified to that county.

A. Winslow and Hicks & Hicks, for appellant. Hamilton & Mann and John Sehorn, for appellee.

FLY, J. This is a suit by appellee against appellant to recover damages arising from personal injuries alleged to have been inflicted through the negligence of appellant in a coal mine in Webb county. The only allega-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

144 S.W.—46　　† Application for writ of error dismissed by Supreme Court.

tion to fix venue was that appellant "is a private corporation, duly incorporated, and that W. C. Silliman, a resident of Bexar county, Tex., is its agent and representative." Appellant interposed a plea of privilege to be sued in Webb county, where it resided and had its domicile, and denying that any of the exceptions mentioned in articles 1194 and 1585, Revised Statutes of Texas, existed in connection with it. The cause was tried on the plea of privilege and on the merits at the same time, and the jury found against appellant on its plea and returned a verdict in favor of appellee for $12,000, and upon that verdict the judgment was rendered from which this appeal has been perfected.

As a preliminary to the consideration and discussion of the facts adduced for and against the plea of privilege interposed by appellant to be sued in Webb county, the place of its domicile, we will state some general rules as to the appointment of agents by private corporations and the evidence required to establish such agency.

[1] First, it may be stated that under the modern doctrine, both in England and America, it is the rule that, in the absence of special requirements in the charter or in the laws of the state, a corporation may confer authority on an agent for the performance of any act or duty, within the limit of its corporate powers, by writing or by parol, just as an individual would, and, as in the case of the latter, agency may be implied from acquiescence or from ratification or recognition of the acts performed by the agent. Mechem, Agency, § 97.

[2] Another rule is that the authority of an agent must be traced back to some word or act of the party sought to be shown to be the principal, from whom alone authority to act can be obtained. It follows that evidence of the statements or admissions of the alleged agent is not admissible to establish his authority, and such evidence can never be used against the principal until the fact of agency has been established by other evidence.

[3] An agent, however, may testify as to the extent and nature of his authority, where such authority is based upon parol and not written evidence, just as could any other witness.

[4] It is the rule that when a person has held out another as his agent in a certain capacity, or has knowingly permitted him to act as his agent, or where the circumstances are such as to raise the presumption of agency, the authority of the agent to act will be presumed in so far as the rights of third persons may be concerned. This rule is based upon the doctrine of estoppel, which cannot possibly have any application to the facts of this case.

Reverting to the rule that the acts, admissions, and declarations of one acting as an agent cannot be used as evidence of agency until the authority to act has been in some way established, and considering all the evidence of agency in this case outside of the acts and admissions of W. C. Silliman, who it is claimed was the agent of appellant, we find that the only evidence tending to connect appellant and Silliman as principal and agent was the admission of the auditor of the corporation, made to an attorney for appellee, a short time before the suit was instituted, and the fact that the general manager saw Silliman's sign in San Antonio. The conversation between T. C. Mann, the attorney, and Biggio, the auditor, was stated to have been through the medium of a telephone and was brought about with the admitted design of obtaining evidence upon which to maintain a suit in Bexar county against a corporation doing business in Webb county. In that conversation, which the auditor swore positively never occurred, the attorney testified: "I asked him if they had a representative or agent in Bexar county who could make binding contracts, representing the Cannel Coal Company. He said they did. I asked him who it was. He said Mr. Silliman." That is the only proof adduced outside of Silliman's sign in San Antonio, his letter heads, and an entry in the city directory, that could in any way tend to establish the relation of principal and agent between appellant and Silliman. That evidence was totally inadequate for that purpose.

[5] A corporation is not bound by the declarations or admissions of its individual directors, officers, or agents outside the scope of their agency or authority, nor when not made in connection with the performance of their duties. In order, therefore, to bind a corporation by the declarations or admissions of an agent, it must not only appear that he was acting within the scope of his authority, but that they were made in the prosecution of, or in connection with, the performance of his duties. Speaking on this subject, it was said by the Supreme Court of Minnesota in Browning v. Hinkle, 48 Minn. 544, 51 N. W. 605, 31 Am. St. Rep. 691: "The mere fact that one is a director, president, secretary, or other officer of a corporation does not make all his acts or declarations, even though relating to the affairs of the corporation, binding upon the latter. Such persons are mere agents, and their declarations are binding upon the corporation only when made in the course of the performance of their duties as agents, so that the declarations constitute a part of their conduct as agents, a part of the res gestæ."

In Cook on Corporations, § 726, it is stated: "The board of directors acting as a board may bind the company by admissions and declarations, but a single director cannot do so except as a special agent of the company. Neither do the admissions or declarations of the president bind the company unless he has extra powers given to him, nor ordinarily those of the secretary and treasurer, nor those of a cashier, except as

to matters in the ordinary course of their duties." The text is well supported by authorities cited in the footnotes.

In the case of Blain v. Express Co., 69 Tex. 74, 6 S. W. 679, it was shown that Fuller, the superintendent of the Express Company, had admitted the liability of the company for a reward offered for the arrest of an employé who had embezzled the funds of the company, and the court held, in affirming a judgment against the claimants of the reward: "The fact that Fuller was shown to be the superintendent of the Express Company was not sufficient to show that he had the authority to bind the company by his admissions, declarations, or agreement set up in the supplemental petition."

[6, 7] There was no evidence tending to show the authority of Biggio to act for the appellant, or to bind it by his declarations. Mr. Mann did not swear even that Biggio was an officer of the company, but merely stated, "I understood that Mr. Biggio was an officer of the company." Wager, the general manager of the company, testified that Biggio was a director, and also that he (Wager) had the sole and exclusive authority to sell coal for the company, and that no one else was authorized to appoint agents to sell coal for the company. Biggio did not testify on the issues presented by the plea of privilege, but on the trial of the cause testified that he was the auditor of the company, and that he had no authority to appoint agents, and that Mr. Wager, the general manager, alone had the authority to appoint agents. Both Wager and Biggio swore that the company had no agents outside of Laredo, and that W. C. Silliman of San Antonio was not an agent of the company.

The fact that Wager, the general manager, saw a sign at the place of business of Silliman did not tend to show the latter's agency. The entire testimony tended to show that the sign was, "Sole agent Cannel Coal," and not of the "Cannel Coal Company," and, as pertinently explained by the general manager, the sign meant simply that Silliman had the sole right to sell cannel coal in San Antonio. He stated, in answer to a question as to what the sign meant: "Means just like you see a sign, 'Clapp Bros. Shoes.' You see a sign, 'Dunlap Hats, Sole Agents,' or, 'Sole Agents E. & W. Collars,' and all like that; they are not agents of the company."

The publication of the name "Cannel Coal Company (W. C. Silliman)" in the city directory of San Antonio was not shown to have been authorized by appellant (or even by Silliman); but, on the other hand, the uncontradicted testimony showed that it was not authorized either by appellant or Silliman. It had no probative force whatever as to Silliman's agency.

Silliman's letter heads did not tend to prove agency. They merely recited that he was "Sole agent for Cannel Coal," which did not connect him with the Cannel Coal Company. Cannel coal is a distinct kind of coal as contradistinguished from anthracite, lignite, or other kinds of coal. Silliman's signs and stationery or his declarations were not competent to establish agency, in the absence of any evidence tending to show that the company had made him its agent.

When Biggio made the declaration testified to by Mann, he was not in the exercise of any duty imposed upon him as auditor or secretary of the company. It was merely a gratuitous statement made by him about a matter over which he had no authority and of which he was not cognizant. There was no testimony tending to show that the records of the company kept by Biggio showed that Silliman was its agent, but it appeared from the uncontroverted evidence that coal was sent to Silliman by appellant only on his orders, that he paid for it, and at no time rendered any account of what he obtained for the coal. Silliman swore: "I bought it; paid the price on the coal, and put my price on the coal I sold. The Cannel Coal Company had nothing, whatever, to do with it. After I bought it, it was mine." The evidence totally failed to show that Silliman was the agent of appellant, and the verdict of the jury on that point cannot be sustained.

[8] A corporation, like an individual, has the right and privilege secured to it by the laws of Texas to be sued in the county of its domicile, unless it is alleged and proved by the plaintiff that it has an agency or representative in the county in which the suit was instituted, other than the place in which its domicile is situated. The right to sue in another than the county of domicile is for the benefit of the plaintiff, and he must present the facts necessary to show that his case comes within the countenance and support of the exceptions to the general rule that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile. "To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within one of the exceptions of the statute." Cohen v. Munson, 59 Tex. 236; Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125. As said in Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25: "The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts. Where jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile, as provided by that statute, to defeat his plea and deprive him of that right, we think the facts relied on should be not only alleged but proved."

The judgment of the lower court will be

reversed, and it is the order of this court that the venue of this case be changed to Webb county, and the district clerk is hereby ordered to make up a transcript of all orders made in said cause, and certify officially to the same under the seal of the district court of Bexar county, and transmit the same with the original papers in the cause and the mandate of this court to the clerk of the district court of Webb county, Tex.

### On Motion for Rehearing.

This court thoroughly considered all of the testimony of Silliman and arrived at the conclusion that it did have strong probative force in showing that he was not the agent of appellant when the service was had upon him. We did not conclude, as did appellee, that, because Silliman had the exclusive right to sell the coal of appellant in San Antonio, he was the agent of appellant; but we considered that fact, as it should be considered, with the other testimony, and concluded that the facts fail to show agency. This court cannot consider matters that do not appear in the record, even such a fact, as stated in the motion, that when Silliman was asked if he ever was agent for appellant he "hesitated for quite a perceptible interval of time," and that "his hesitation was so perceptible as to attract attention." The record shows that he swore positively and unhesitatingly that he was not then, and had not been, the agent of appellant.

This court stated that Biggio was auditor of the company because he swore that he was; but, if he was bookkeeper or secretary, that did not give any greater authority to his statements. This court concluded that the conversation was held with Biggio by an attorney for appellee in order to obtain testimony on which to base a suit in Bexar county from the following evidence of the attorney: "I wanted to get the facts as to his agency. I wanted to know if the Cannel Coal Company had an agent here. That was the purpose of my telephoning. Yes, the plaintiff was injured in Webb county. He lived there at the time, and he lives there now. The Cannel Coal Company has its general office in Webb county, and there is a district court in Webb county. I brought the suit in the district court of Bexar county, because I thought we could get bigger damages here." The witness stated that the conversation with Biggio was held "just before the filing the petition in this case." No other reasonable inference can be drawn than that the conversation was had to obtain testimony on which to base a suit in Bexar county, and yet we are told in the motion for rehearing that "there is nothing in the record that lends color to the statement."

The record does not show, as stated in the motion, that "Biggio, the custodian of the records, was asked not to bring the records with him to San Antonio." Nothing of the kind can be found in the statement of facts, although so stated in the motion.

This court has not "on another occasion, and in another case, entertained a different view as to the probative force of an admission made by the agents of a corporation on the subject of who were other agents of the same corporation," and the case of Laredo Electric Light Co. v. U. S. Lighting Co., 26 S. W. 310, is not authority for such statement. In that case it was held that statements of the manager of a corporation as to who was the former manager would be evidence. We endeavored to show the distinction, in our opinion in this case, between the declarations of an auditor, secretary, or director, and that of the manager or board of directors that has charge of the affairs of a corporation and can bind it, and it is useless to further discuss it.

It is insisted that this court erred in stating that Biggio did not testify on the issues presented by the plea of privilege, but the record shows that certain witnesses were placed on the stand by appellant, and then the record states, "Defendant rests on its plea of privilege," and then appellee introduced his testimony on the issue, and the record recites, "Here the plaintiff rests on the issue of the defendant's plea of privilege." Among the witnesses for and against the plea of privilege the name of Biggio does not appear, and the record shows that he did not testify until appellee, Dr. Taylor, and Jose Angel Barron had testified as to facts bearing on the negligence of appellant and the extent of the injuries inflicted on appellee, and after appellee had rested on his main case. This court merely followed and was guided by the record.

We endeavored to make clear in our former opinion the elementary doctrine that agency cannot be proved by the acts and declarations of a party claiming to be an agent; but in spite of that fact it is stated in the motion: "As corroboration of Silliman's testimony that he was the agent, we think the sales slips issued by Silliman was a circumstance properly looked to; also the large sign he had over his place of business was a proper circumstance corroborative of the fact that he was the agent of appellant in San Antonio." It may be stated that Silliman did not testify that he was the agent of appellant, but strenuously denied it; but, if he had stated he was such agent, the "sales slips" and "large sign" prepared by him would add nothing to his testimony, because his acts stand in the same category as his declarations and do not prove agency. The principal must be connected with the agent either by appointment of him as agent, or by ratification of his acts. "But the agency must first be proved, as derived from express delegation or by facts admissible and sufficient for that purpose, before the declarations of the agent, respecting the subject-matter, can affect the principal." Lath-

am v. Pledger, 11 Tex. 439; Wright v. Doherty, 50 Tex. 34; Coleman v. Colgate, 69 Tex. 88, 6 S. W. 553; Noel v. Denman, 76 Tex. 306, 13 S. W. 318; Tompkins v. Peter, 84 Tex. 627, 19 S. W. 860; Mills v. Berla, 23 S. W. 910. The rule is thus clearly stated by Mechem, in his work on Agency (section 100): "The authority of an agent where the question of its existence is directly involved can only be established by tracing it to its source in some word or act of the alleged principal. The agent certainly cannot confer authority upon himself. Evidence of his own statements or admissions, therefore, is not admissible against his principal for the purpose of establishing, enlarging, or renewing his authority; nor can his authority be established by showing that he acted as agent or that he claimed to have the powers which he assumed to exercise."

If Silliman had sworn, as is persistently claimed by appellee, that he was the agent of appellant, the testimony would be competent to prove agency; but he did not so testify, but asserted time and again that he had never been the agent of appellant.' Having the sole right to sell coal in San Antonio, that he had bought from appellant, did not constitute him an agent. The testimony may have shown the existence of a monopoly, but not of an agency.

What has been said as to the declarations and acts of Silliman applies with equal force to the declarations of Biggio, the auditor, secretary, bookkeeper, or director of the corporation. The case of Railway v. Varnedoe, 81 Ga. 175, 7 S. E. 129, is similar to this, and in that case the Supreme Court of Georgia said: "We do not think that the plaintiff should have been permitted to testify as to what Pendleton said to him concerning Peck's agency and authority, etc. It is true, it is claimed that Pendleton was a director of the company at that time; but we do not think the declarations of the director as to whether a certain person is the agent of the company or not are sufficient to bind the company. * * * One man cannot make another man or a corporation his principal by saying so, nor has every employé of a corporation authority to bind it." No authority to the contrary has been, or can be, produced.

The motion for rehearing is overruled.