## CRAZY WATER CO. v. COOK.
### No. 2009.

Court of Civil Appeals of Texas. Eastland.
April 19, 1940.

Rehearing Denied May 17, 1940.

W. O. Gross, of Mineral Wells, for appellant.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, and J. R. Creighton, of Mineral Wells, for appellee.

FUNDERBURK, Justice.

This suit was brought by Mrs. Rose L. Cook against Crazy Water Company, a corporation, owner of Crazy Water Hotel of Mineral Wells, Texas, to recover damages allegedly resulting from personal injuries sustained by plaintiff while taking a bath. Plaintiff alleged, in effect, that after having, for a consideration, arranged with the defendant to give her baths as it had offered to do, and after having notified the defendant that "she was rather heavy and by reason of her suffering arthritis was unable to be of much assistance to the attendants who were to ad-

minister the bath", and explaining "that it would be difficult to handle her" and suggesting that "it required attendants of sufficient strength to handle her", she was assured by defendant's representative that she would be placed "in charge of employees and attendants fully competent and with strength enough to handle her."

She alleged she was placed under the care of two negro women who attempted to give her a bath in an ordinary slick bath tub; that said attendants were not physically able to handle her properly and dropped her in the bath tub, inflicting bruises and a fracture of her left arm. In all, including the above, there were three acts and six omissions, some being wholly or partially inclusive of others, alleged as negligence and proximate causes of said injuries and the resulting damages in the total sum of $12,955.86. Of said amount of damages $2,955.86 was for alleged reasonable and necessary expenses consisting of hospital bills, doctors' bills and nurses' bills.

Upon a jury trial, all issues were by the special verdict of the jury found in favor of the plaintiff. In accordance with such verdict judgment was rendered awarding plaintiff recovery of damages in the sum of $4,800, of which $2,300 was for hospitals', doctors' and nurses' bills. The defendant has appealed. The parties will be referred to as plaintiff and defendant, the same as in the trial court.

 Special issue No. 17 called for a finding of the amount, if any, reasonably and necessarily expended by plaintiff for hospitals' bills, nurses' bills and doctors' bills incurred as a direct and proximate result of plaintiff's injuries. The finding upon this issue was $2,300. Defendant contends there was no evidence to sustain a finding of any amount of hospital, or any amount of nurses' bills, and that it was error to submit such issue.

This point may appropriately be considered in connection with another. Over objection the court permitted the plaintiff on the day of the trial to attach several pages of exhibits to her petition, consisting of purported copies of itemized hospital bills and the originals of three purported receipted doctors' bills. Said purported exhibits constituted, neither in whole nor in part, the cause of action sued on, and under Rule 19 (Rules for the District and County Courts, 142 S.W. xvii) were improperly permitted to be attached as exhibits to the pleading. City of Paris v. Bray, 107 Tex. 188, 175 S.W. 432. See, also, authorities cited in Durham v. Foust, Tex.Civ.App., 64 S.W.2d 1027, 1029.

These exhibits were not introduced in evidence. They, or at least a part of them, were not identified by any evidence as to items or amounts. In the Durham case, supra, we said: "Had the witness testified to the amounts, dates, etc., as evidently was shown in the memoranda, then it would have been unnecessary that the memoranda be introduced." Regarding the subject matter of the exhibits as mere memoranda—and we think they were certainly no more than that—the same statement is applicable here. The result is that there was an absence of any evidence to warrant the jury in finding the amount of the damages for reasonable and necessary expenditures to be $2,300. Upon the two questions here considered, one in connection with the other, it is our conclusion that the court erred in permitting the so-called exhibits to be attached to the pleading and further erred in submitting special issue No. 17 as against the objection that the evidence did not warrant its submission.

 It is suggested that the error may be cured by a remittitur. However, it is not proposed to remit the entire amount of $2,300. Upon the theory that the question is one as to the excessiveness of the verdict, it is suggested that the remittitur may be ordered only as to that part of the $2,300, if any, not supported by any evidence. However, the question, we think, is not one of excessiveness of the verdict. The case of World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W.2d 962, 865, relied upon by plaintiff, distinguishes itself from a case like this in words as follows: "The holding herein is to be distinguished from cases * * * of distinct items of recovery, supported by affirmative proof, but incapable of separation from others involved." The proposition of law supported by the decision in the Hicks case, as to which there had been some prior conflict of decision, is applicable only "when there is no other error" than excessiveness of the verdict.

 We are of the opinion that it was error for the court, over objection of the defendant, to defer its ruling upon defendant's motions to suppress certain an-

swers of witnesses in depositions until after the parties were required to announce ready for trial and the depositions were offered in evidence. The objections, most of them at any rate, related to the manner and form of taking. They were objections subject to Art. 3765, R.S.1925. They were objections required to be made in advance of the trial. Houston & T. C. R. Co. v. Haberlin, 104 Tex. 50, 133 S.W. 873, 134 S.W. 411. In the absence of request by one or the other of the parties for a ruling upon the objections before beginning the trial, the court would have been authorized to delay action, as was done. That, it is believed, is the extent of the holding in Coleman v. Colgate, 69 Tex. 88, 6 S.W. 553; Southern Pac. R. Co. v. Royal, Tex.Civ.App., 23 S.W. 316. Those cases are not believed to be authority sustaining the correctness of the procedure, complaint of which is here made. Here the defendant was insisting upon a ruling before being required to announce ready for trial. In Coleman v. Colgate, supra, if the party who objected to the action of the court on the ground that such action, if any, ought to have been taken before the trial was begun, had requested such action before the trial, and had duly preserved exception to the action of the court in deferring its ruling, a different question, we think, would have been presented. The action here complained of seems to us to be analogous in principle to the action of the court in deferring a ruling upon special exceptions to a pleading until after the evidence is in. As to the latter we concur in the view as expressed in Western Union Tel. Co. v. Ashley, Tex.Civ.App., 137 S.W. 1165, that such procedure is erroneous. It seems clear that the purpose of the statute (said Art. 3765) will largely be defeated if, the court having his attention called to the matter may, notwithstanding the objection of an interested party, withhold action upon motions to suppress depositions on account of errors in the manner and form of taking until after announcement of ready for trial and the deposition is offered in evidence.

It is believed that the other grounds relied on for reversal of the judgment are untenable, and without further discussion they are overruled.

For the reasons stated, it is our conclusion that the judgment should be reversed and the cause remanded. It is so ordered.