HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. G. W. HABERLIN.

Decided January 5, 1910.

**1.—Negligence—Contributory Negligence—Charge.**

In an action by an engineer injured by the explosion of a locomotive boiler, it being questionable under the evidence whether the explosion was caused by defects in the engine, or by its mismanagement by plaintiff in permitting the water to get too low, the crown-sheet, etc., of the boiler overheated, and turning cold water into the boiler in this condition, a charge that if the engine was not defective, but the plaintiff was negligent in his handling of it in the particulars stated, thereby causing the explosion, he could not

recover, was erroneous and misleading, requiring both absence of defendant's negligence and existence of plaintiff's contributory negligence in order to establish a defence. (Mr. Justice Key dissents on the ground that the instruction did not contain affirmative error, being correct in law, though requiring more than was necessary to show a defense.)

**2.—Same.**

If the explosion was caused by turning cold water into an engine overheated by allowing the water to become too low and the boiler overheated, the engineer should be held to know the danger of such course and precluded from recovery for the result of his own act; whether or not his conduct were found to be lacking in ordinary care. (Mr. Justice Key dissents on the ground that the explosion may not have been solely due to the overheating and introduction of cold water, nor the same dangerous to an engine in proper condition; and the engineer could recover if his manner of handling the engine caused the explosion only because of defects in the engine of which he was ignorant.)

**3.—Charge—Contradictory Instructions.**

Where the jury, in the event defendant's negligence was found by them to be proven, were directed to find in his favor, "unless they find for the defendant upon the issues of contributory negligence submitted to them," and two such issues were submitted, with instructions following each to find for defendant if the facts submitted were found to exist, the charges, construed together, were not liable to be understood by the jury as requiring a finding in favor of defendant upon both of the issues of contributory negligence in order to entitle him to a verdict on that ground. (Mr. Justice Key dissents, regarding the charges as contradictory and ground for reversal.)

**4.—Evidence—Depositions—Objections to Manner and Form.**

Mr. Justice Key, dissenting from the ruling of the majority as to error in the charge, concurs in the result, reversal and remand, on the ground that the court erred in excluding the answers of a witness, taken by deposition, stating relevant and material facts, in answer to an interrogatory calling for his conclusion as to whether certain allegations in plaintiff's petition were true or false, holding that the objection went only to the manner and form of taking, and must be raised by motion in advance of trial, not by objection made when the evidence was offered. In this the majority of the court do not concur.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

This case was brought before the Supreme Court on certificate of dissent. The opinion there delivered, January 25, 1911, will be found in 104 Texas, and sets forth the charge of the trial court in full. The court concur with the dissenting opinion of Mr. Justice Key, in holding that the 10th paragraph of the charge contains no affirmative error and presents no ground for reversal. (Paragraph 1 of head notes.) The Supreme Court concur with the majority opinion in holding that the 7th and 8th paragraphs of the charge present no substantial error when read in connection with the charges on contributory negligence. (Third paragraph of head notes.) The Supreme Court concur with the dissenting opinion of Mr. Justice Key in holding that the objection raised to the testimony of witness Stahmer was as to part of such evidence one going to the manner and form of taking and returning a deposition, and unavailable unless raised by motion in advance of trial. (Paragraph 4 of head notes.)

*Baker, Botts, Parker & Garwood,* and *Gregory, Batts & Brooks,* for

appellant.—The rejected testimony was relevant and material, as a whole, to the issues made by the pleadings and submitted to the jury in the charge of the court; and, as the objections that were sustained to it went only to the form of the depositions in which the evidence was contained, and were not in writing and were not presented within the time prescribed by the statute, the court erred to the prejudice of appellant in refusing to permit the testimony to be read in evidence to the jury. Rule 58 for the District and County Courts; Rev. Stats., art. 2289; Wade v. Love, 69 Texas, 525; Missouri Pac. Ry. Co. v. Ivy, 71 Texas, 409; Neyland v. Bendy, 69 Texas, 713; Mills v. Herndon, 60 Texas, 358; Missouri Pac. Ry. Co. v. Smith, 84 Texas, 348; Lee & Co. v. Stowe & Wilmerding, 57 Texas, 450; Scalf v. Collin County, 80 Texas, 517; International & G. N. R. Co. v. Collins, 33 Texas Civ. App., 58; Lott v. King, 79 Texas, 299; Fort Worth & D. C. Ry. Co. v. Thompson, 75 Texas, 503; Galveston, H. & H. Ry Co. v. Bohan, 47 S. W., 1051; Allerkamp v. Gallagher, 24 S. W., 372; Austin Rapid Transit Ry. Co. v. Grothe, 88 Texas, 263; 17 Cyc. Law & Proc., 71-73, and authorities cited in note 93, p. 73.

If the rejected testimony was not as a whole material and relevant, certain portions of it were of that characer, and it was prejudicial error to refuse to permit the defendant to read such parts to the jury. Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 401; Neyland v. Bendy, 69 Texas, 713; Lott v. King, 79 Texas, 298.

Paragraphs No. 7 and 8 of the court's charge are erroneous and prejudicial to the rights of the defendant because in said paragraphs of the court's charge certain material issues of fact are submitted for the consideration of the jury, and the jury are then instructed that if they find the existence of said facts they should "find for plaintiff on this issue, unless they find for the defendant on the issues of contributory negligence submitted to them;" whereas, the correct rule of law on the subject of contributory negligence which should have been stated is that the defendant was entitled to a verdict if the jury found in its favor on any one or more of the combinations of fact relating to plaintiff's contributory negligence which it pleaded and introduced evidence tending to establish. International & G. N. R. Co. v. Lehman, 30 Texas Civ. App., 3; Southern Kansas Ry. Co. of Texas v. Sage, 98 Texas, 438; Missouri, K. & T. Ry. Co. v. Mills, 27 Texas Civ. App., 245; Texas Midland Ry. Co. v. Hooten, 21 Texas Civ. App., 139; Dallas Cons'd St. Ry. Co. v. McAllister, 41 Texas Civ. App., 131; Gonzales v. Adoue & Lobit, 94 Texas, 125; City of Cleburne v. Gutta Percha & R. Mfg. Co., 39 Texas Civ. App., 604; Texas Cent. Ry. Co. v. Waldie, 101 S. W., 518; Baker v. Ashe, 80 Texas, 356.

If the plaintiff caused the explosion by his own act in permitting the water in the boiler to get below the crown sheet and the crown sheet to thereby become overheated and weakened, the defendant was entitled to a verdict as a matter of law, because it was guiltless of negligence with which it was charged, and independent of any issue as to whether or not the plaintiff in so acting was guilty of negligence; and the charge in failing to so state and in inferentially

stating that negligence on the part of plaintiff was a fact necessary to be established in said connection, was under the facts of this case erroneous and confusing to the jury and prejudicial to the rights of the defendant. Texas & N. O. R. Co. v. Conroy, 83 Texas, 217; Kershner v. Latimer, 64 S. W., 238; Liverpool L. & G. Ins. Co. v. Joy, 26 Texas Civ. App., 613; Dillingham v. Teeling, 24 S. W., 1094; Houston, E. & W. T. Ry. Co. v. Greer, 22 Texas Civ. App., 5.

*W. W. Moore* and *Allen & Hart,* for appellee.—The interrogatories were inadmissible for the reason that they called for incompetent testimony, and the answers simply stated conclusions of the witnesses and usurped the functions of the jury. Sonnefield v. Mayton, 39 S. W., 166; 5 Ency. of Evidence, 526; Purnell v. Gandy, 46 Texas, 199; Woosley v. McMahan, 46 Texas, 64; Lott v. King, 79 Texas, 300.

In order to constitute contributory negligence on the part of the appellee, the jury must determine that the appellee had done something that an ordinarily prudent man would not have done under the same or similar circumstances, or left undone something that an ordinarily prudent man would not have left undone under the same or similar circumstances. St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 95; Denham v. Trinity County Lumber Co., 73 Texas, 83; International & G. N. R. Co. v. Dyer, 76 Texas, 160; Ball v. City of El Paso, 5 Texas Civ. App., 221.

RICE, ASSOCIATE JUSTICE; FISHER, CHIEF JUSTICE, concurring.—Appellee, a locomotive engineer in the employ of appellant, was seriously injured by the explosion of the firebox and boiler of an engine he was operating on the line of appellant's railway, near the town of Curry, on January 7, 1907, and brings this action to recover damages for the injury thereby sustained. His petition contains allegations of many and various acts of negligence, but since the trial court only submitted two issues of negligence set up by him, we think it only necessary to state these. The first was whether or not the firebox which collapsed and caused the injuries was improperly constructed in any of the respects alleged by plaintiff, and, second, whether or not the appellant negligently permitted the firebox to become out of repair, defective and dangerous and unfit for use, thereby causing the explosion.

Defendant replied by general demurrer, special exceptions, general denial and a plea of contributory negligence, wherein it asserted that said engine at the time of the accident was in thorough repair and in all respects a well-equipped and substantial piece of machinery, well suited to do all the work required of it, and that it was the duty of the plaintiff, by reason of his employment, to carefully operate the same, but that plaintiff failed so to do in the following respects, to wit: That he negligently permitted the water in the boiler to get below the crown sheet, whereby the boiler became overheated, by reason of which it was caused to explode. Second, that while the boiler was thus overheated he negligently turned water into

it, thereby causing the explosion, for which reasons he was precluded from recovery.

There was a jury trial which resulted in a verdict and judgment for the plaintiff from which appellant has prosecuted this appeal, urging many reasons for a reversal of the judgment. Amongst others the appellant insists, by its 22nd assignment of error, that the jury were erroneously instructed in the 10th paragraph of the court's charge, which is as follows, viz.:

"If the jury find from a preponderance of the evidence in this case that the plaintiff allowed the water in the boiler of said engine to get below the crown sheet of the said engine, and that by reason thereof the crown sheet of said engine became heated to a high temperature, and that while said engine and parts thereof were in the said condition plaintiff turned water into the boiler of said engine upon the overheated metal (if it was overheated) composing the crown sheet, the radial stays and stay bolts and other parts thereof, as alleged by defendant, and the jury further find from a preponderance of the evidence that the turning of the water (if it was turned) into the said boiler of the engine caused said firebox to explode or collapse and thereby caused and contributed to producing the injuries of which he complains in this suit, and the jury further find from a preponderance of the evidence that an ordinarily careful and prudent person, under the same or similar circumstances, would not have turned water into the boiler of the said engine while it was in an overheated condition (if it was in such condition) then the jury will find for the defendant, even though they may find from a preponderance of the evidence that the defendant, its agents and employees, were guilty of negligence in regard to said engine, and that such negligence (if any) may have also contributed to plaintiff's injuries."

By its proposition thereunder it is insisted that said charge is erroneous, confusing and misleading because it, in effect, instructs the jury that if the plaintiff caused his injuries by turning water into the boiler of the engine after having allowed the boiler to become overheated, and if an ordinarily careful and prudent person, under the same or similar circumstances, would not have turned water into the boiler of said engine upon the overheated metal composing the crown sheet, etc., to return a verdict for the defendant. Whereas, the correct rule of law relating to the matter is that if plaintiff caused said explosion by his own acts in particulars enumerated in said paragraph of the charge, the defendant was necessarily guiltless of the character of negligence with which it was charged, and was for that reason alone entitled to a verdict, independent of any issue as to whether or not the plaintiff in so acting was guilty of negligence; and the charge, in failing to so state and in inferentially stating that negligence on the part of the plaintiff was a fact necessary to be established in said connection, was erroneous and confusing to the jury and prejudicial to the rights of the defendant.

The contention of appellant, in effect, is that if plaintiff allowed the water in the boiler to get below the crown sheet and then in its overheated condition, turned the water on it, he would thereby be

guilty of such negligence as to preclude his recovery, and that, too, irrespective of whether the jury should believe that a man of ordinary prudence would have done so or not.

There is evidence in the record to the effect that the engine when turned over to the plaintiff on the morning of the accident was complete in all its parts and in good working order, and that the plaintiff, during the time that he was operating the engine, had allowed the water to get below the crown sheet, whereby the same was heated to a higher degree of temperature, becoming overheated and red hot, and that immediately before the accident, while the same was in this condition, the plaintiff, by use of the injector, turned water into the boiler which caused the explosion from which he sustained the injuries set out in his petition. This being true, and the defendant having pleaded that the plaintiff was guilty of contributory negligence by reason of these facts, it became the duty of the court to submit a proper charge upon this phase of the case. In response to this duty the above charge, which is complained of, was given.

The question for consideration is whether the charge as given was proper, or whether the same imposed a greater burden upon the defendant than the law, under the facts, permitted. If the engineer allowed the water in the boiler of said engine to get below the crown sheet of the engine, and by reason thereof the crown sheet became heated to a high temperature, and while the engine and parts thereof were in such condition, he turned water into the boiler of the engine upon the overheated metal composing the crown sheet and other parts of the engine, then if the jury found from a preponderance of the evidence that the turning of the water into the boiler of the engine caused the same to explode, and thereby caused and contributed to produce the injuries of which he complained, it seems to us that this would be sufficient, within and of itself, to preclude his recovery, irrespective of whether or not an ordinarily careful and prudent person, under the same or similar circumstances, would have turned the water into the boiler. If the word "allowed" used in the charge is to be taken and considered in its usual and ordinary signification, then it must be regarded that the plaintiff, by allowing the water to get below the crown sheet, whereby the engine became overheated, knew its condition; and if, with such knowledge, he should turn the water into the boiler in its then overheated condition, it seems to us that he would be bound to know, as a matter of common knowledge, that an explosion would follow under circumstances indicated by the charge; then why should it be further necessary to tell the jury that, notwithstanding the plaintiff might have been guilty of the acts recited in the charge, yet he would not be precluded from recovery unless the jury should further believe that a man of ordinary prudence, under the same or similar circumstances, would not have done as he did. We think the objection to the last clause of the charge is well taken and should be sustained.

There is a complaint on the part of appellant that the last clauses of the court's charge in both the 7th and 8th paragraphs were, if not contradictory, confusing and misleading, in that the jury were told that if they believed the defendant guilty of negligence, as set forth

in each of said paragraphs, then it would be their duty to find for the plaintiff, unless they found for the defendant upon the issues of contributory negligence submitted to them. In other paragraphs of the charge the phases of contributory negligence, as pleaded by the defendant, were properly submitted to the jury so that there could be no conflict in the two charges. We think that the reference to the issues of contributory negligence as made by the court, under the circumstances, were and could not have been misleading, because the entire charge, when criticised, should be considered as a whole, and if this is done it is clear, it seems to us, that the jury could not have understood, as contended by appellant, that before they could find for it they must find for it on both features of contributory negligence submitted in the charge. However, in view of another trial, we suggest to the court a correction of the charge in this particular.

We have carefully examined each of the other assignments presented in the able and elaborate brief of appellant, but are constrained to believe that no reversible error is shown in any of them as insisted, and they are, therefore, overruled. But for the error pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

### DISSENTING OPINION.

KEY, Associate Justice.—The writer concurs in the result reached in this case, but does not agree with his associates as to the ground upon which the case should be reversed. The majority opinion holds that the 10th paragraph of the court's charge contains affirmative error because it submitted to the jury the question of negligence on the part of the plaintiff. If the plaintiff, knowing the condition of the firebox and boiler, turned water into the boiler at a time when it was reasonably certain that by so doing an explosion would result, then he was guilty of contributory negligence as matter of law, and it would not be necessary to submit the question of his negligence to the jury. But the charge under consideration does not, in my opinion, require the jury to find such state of facts as would make the question of negligence one of law to be decided by the court and not a question of fact to be decided by the jury. If it be conceded that the word "allowed" as used in the charge, conveys the idea of knowingly permitting the water in the boiler to get below the crown sheet of the engine, it does not convey the idea, and the charge nowhere requires the jury to find, that the plaintiff had knowledge of the condition of the crown sheet in other respects. The plaintiff alleged in his petition, and submitted testimony tending to show, that the firebox was not properly constructed and that the crown sheet, radial stays and stay bolts were made of defective material and were out of repair, and that the plaintiff was not aware of those facts. If such was the condition of the crown sheet and other parts of the firebox, it is probable that it would not withstand as high a degree of heat or as much overheating as would a firebox constructed of proper material and in good condition. The term

"overheated" does not always convey the idea of certain and obvious danger. If a thing is heated beyond what is usual and necessary, it may be said to be overheated, but it is not made to appear in this case, nor is it a matter of common knowledge, that any and every overheating of the crown sheet, radial stays and stay bolts of an engine boiler, however slight the excess of heat may be, will necessarily, or even probably, cause an explosion and result in harm. Hence, it seems to me that, in view of the first part of the charge referred to merely requiring a finding of high temperature and overheated metal, that it was proper to submit to the jury whether or not the plaintiff was guilty of contributory negligence in turning the water in the boiler and upon the metal in that condition. It may have been dangerous to do so, and so doing may have been the immediate cause of the explosion, but it may also be that the reason why it was dangerous was because of the defective condition of the crown sheet, radial stays or stay bolts, and the plaintiff may not have known of such condition.

Furthermore, it seems to me that the objection to the charge sustained by the majority opinion is of the class overruled by our Supreme Court in Sabine & E. T. Ry. v. Wood, 69 Texas, 679; Texas & P. Ry. v. Brown, 78 Texas, 397, and Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629. In those cases it is held that an instruction directing the jury, if they find certain facts, to find for the plaintiff or the defendant, as the case may be, is not affirmatively erroneous, although the party complaining may be entitled to a verdict on a finding of one or more of the facts referred to. In Railway v. Brown, supra, the court, speaking through its present Chief Justice, said:

"It is insisted that this charge is erroneous 'because it made it necessary for the defendant to prove both that it was careful and that plaintiff was negligent before it was entitled to a recovery.' But the charge does not assert this proposition. It tells the jury that if the defendant was careful and the plaintiff was negligent, the latter could not recover. This is correct. The proposition is erroneous. The court might properly have gone further and charged in the disjunctive, and have told the jury that if either the defendant was careful or the plaintiff negligent the defendant should have a judgment. This presents an instance not of an erroneous charge, but of a failure to give an instruction which the defendant had the right to demand." In this case appellant did not ask to have the question submitted in any other form.

The cases referred to above have been frequently cited and followed by the Courts of Civil Appeals, as shown by the Texas edition of the Citator. The charge under consideration did not tell the jury that they could not find for the defendant on that phase of the case, unless they found that the plaintiff was guilty of contributory negligence. It merely told the jury that if they found the existence of certain facts, one of which was that an ordinarily careful and prudent person, under similar circumstances, would not have turned water into the boiler of the engine while it was in an overheated condition, then to find for the defendant. Even if the defendant

was entitled to a verdict without the jury's finding the latter fact, incorporating that fact in the charge was not a positive error.

The defendant propounded written interrogatories to John Stahmer and several other witnesses. Additional direct interrogatories Nos. 7 and 8 read as follows:

"Additional direct interrogatory No. 7: In this case the plaintiff alleges that the boiler, firebox, bolts, radial stays, taps, threads, stay bolts, crown sheets, sides and flues of G. H. & S. A. engine No. 443, which exploded or collapsed near Curry, Texas, January 7, 1907, were old, worn, broken, cracked, crystallized, of inferior metal, improperly constructed, out of repair, defective, dangerous and unfit for use at the time of said explosion. Please state whether you have made such an examination of the remains of said engine, or whether you made such examination of it prior to said accident as enables you to give an opinion, or state as a fact whether or not said allegations are true or false, or whether or not they are in part true and in part false.

"Additional direct interrogatory No. 8: If you have answered yes to the last question, please state whether in your opinion all of said allegations are true or false, and your reasons for so thinking; and, if you think that some are true and others false, please state specifically and in detail which you think are true, together with your reason for thinking same true, and which of same are false, together with your reason for thinkinug same false."

The answers of the witness Stahmer to these interrogartories were as follows:

"Answer to interrogatory No. 7: I made such an examination of this engine prior to the explosion as to enable me to give an opinion as to the truth or falsity of the allegations in this question.

"Answer to additional direct interrogatory No. 8: In my opinion all of the allegations concerning the firebox, bolts, radial stays, threads, stay bolts, crown sheet are untrue. My inspection of these parts of this boiler showed the same to be in first-class condition and not defective, dangerous or unfit for use; there were no leaks in the boiler at the time of my inspection, which means the boiler was in good condition and ready for service. I refer to the inspection on the morning of January 7, 1907. My reasons for so thinking are, no such defects showed up on inspection. It was my duty to find any such defects and my inspection failed to find them. There was nothing in or on the boiler to indicate such defects."

A number of other questions of a similar nature were propounded to that and other witnesses, and the answers were, in the main, similar in character. The plaintiff did not file any preliminary written objections to the questions or answers, but when they were offered in evidence he interposed the objection that "it was improper and usurping the functions of the jury for the witnesses to make any statements about the truth or falsity of the allegations contained in the plaintiff's pleadings, and that it was improper and usurping the functions of the jury for the defendant's counsel to ask any question about their truth or falsity, that being a matter for the jury to pass

upon." The bill of exceptions shows that the objections were sustained, the interrogatories and answers excluded and "the defendant was not allowed to read same in evidence or to read in evidence any part of said interrogatories or any part of the answers to any of them."

It is provided by art. 2289 of the Revised Statutes that when a deposition has been on file one day before the case is called for trial, no objection to the form thereof or to the manner of taking the same shall be heard, unless such objection is in writing and notice thereof is given before the trial commences. The depositions here involved had been on file several months; and therefore, if the objections urged and sustained related to the form or manner of taking the depositions, such objections came too late and should have been overruled. I do not believe that the defendant had the right to ask the witnesses whether or not, in their opinion, the allegations in the plaintiff's petition were true or false, and, in my opinion, it would have been proper for the court to have excluded so much of the answers of the witnesses as stated that the allegations referred to were untrue. But, in addition to that statement, the witness Stahmer and some of the other witnesses gave testimony that was free from that objection. For instance, the witness Stahmer stated, in substance, that he inspected the firebox, bolts, radial stays, threads, stay bolts and crown sheet of the boiler in question, and that they showed to be in first-class condition and not defective, dangerous or unfit for use, and that there were no leaks in the boiler. That testimony was intelligible without reading the interrogatory which elicited it, and, in my opinion, the court erred in excluding it. The objection to the interrogatory by which the testimony was procured relates to the form and manner of procuring the deposition, and while both might have been suppressed by a timely motion in writing, the failure to pursue that course constituted a waiver of any such objection to the testimony. In my opinion the trial court committed error when it excluded the foregoing testimony of the witness Stahmer, and testimony of other witnesses of a similar nature.

In both the 7th and 8th paragraphs of the court's charge the jury were instructed that if they found the existence of certain facts therein enumerated to find for the plaintiff "unless they find for the defendant on the issues of contributory negligence submitted to them." In subsequent and separate paragraphs the court submitted to the jury two issues of contributory negligence, telling the jury as to each issue that if they found the facts therein referred to to return a verdict for the defendant. Appellant urged the objection that the 7th and 8th paragraphs of the charge required the jury, in order to return a verdict for the defendant, to find in its favor upon both of the issues of contributory negligence; whereas, it was entitled to a verdict if the proof sustained either of the two issues of contributory negligence. Whatever may have been the intention of the court in framing the 7th and 8th paragraphs of the charge, in my opinion they are susceptible of the construction suggested by appellant, and therefore, to say the least, are misleading and confusing.

Hence I conclude that the trial court committed material and reversible error in excluding the testimony referred to, and in the 7th and 8th paragraphs of the charge given to the jury.

*Reversed and remanded.*