HOUSTON & T. C. R. CO. v. HABERLIN.
(Court of Civil Appeals of Texas. Feb. 15, 1911.)

APPEAL AND ERROR (§ 1058*) — REVIEW — HARMLESS ERROR — ERRONEOUS EXCLUSION OF EVIDENCE.

The error in excluding the positive testimony of a witness as to the exact time he examined the boiler of an engine and his statement that the boiler was in first-class condition, ready for use, and that it was his duty to make the examination, is not harmless, though his testimony as to an examination without fixing the exact time and his statement that the materials were good so far as he remembered were received in evidence.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1058.*]

On motions for rehearing, and to enlarge certificate to Supreme Court. Overruled.

For former opinion, see 125 S. W. 107. See, also, 133 S. W. 873.

Baker, Botts, Parker & Garwood and Gregory, Batts & Brooks, for appellant. Allen & Hart, Warren W. Moore, and James H. Robertson, for appellee.

RICE, J. During the last term of this court this case was reversed and remanded, alone upon the ground that the trial court submitted a question of contributory negligence pleaded by the defendant and raised by the evidence as an issue to be found by the jury, holding that the court should have charged the jury that if defendant allowed the water in the boiler to get below the crown sheet, whereby the same became overheated, and that while in this condition he turned the water into it, thereby causing the explosion, then he was as a matter of law guilty of contributory negligence, and hence precluded from recovery, notwithstanding they should also believe that the defendant was guilty of negligence, as charged by plaintiff, in furnishing to him an improperly constructed fire box, and permitting the same to become out of repair, defective, dangerous, and unfit for use. The court, however, held that the other errors assigned were not well taken, and overruled the same. Chief Justice Key, while concurring in the result reached by the majority of the court, declined to agree with them as to the grounds upon which the case should be reversed, holding that the issue of contributory negligence raised was not a matter of law under the pleading and evidence, but was a question of fact to be determined by the jury, and that the charge as given was a correct presentation of the issue so raised. But he further held that the trial court erred in the seventh and eighth paragraphs of its charge to the jury, which it is unnecessary to here set out; and, while concurring with the majority in holding that the trial court did not err in sustaining the objection of plaintiff to the answer of John Stahmer and a number of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

other witnesses to certain interrogatories, wherein they were asked, after reciting the allegations in plaintiff's petition setting up negligence on the part of the defendant in failing to furnish properly equipped engine, boiler, and fire box, whether or not, in their opinion, such allegations were true or false, but dissented from the opinion of the majority in holding that the answers of said Stahmer and several other witnesses, who described in detail the condition of the engine, boiler, and fire box, together with their opinion based thereon, was inadmissible, for all of which reasons he held that the case should be reversed and remanded. For a fuller statement of both opinions, see 125 S. W. 107 et seq.

A motion by appellee for rehearing was duly filed, which was thereafter overruled, but during the same term the court on its own motion set aside its order overruling the same, and certified the case to the Supreme Court upon the following questions:

First. Whether or not this court ruled correctly in holding that the trial court erred in submitting the issue of contributory negligence to the jury, as held by the opinion of the majority.

Second. Whether the trial court committed error in the seventh and eighth paragraphs of its charge, wherein the jury were instructed, if they found certain facts, to find for the plaintiff, unless they found for the defendant on the issues of contributory negligence submitted to them; that is to say, whether the word "issues," used in said paragraphs of said charge, were calculated to mislead the jury.

Third. Did the majority of the court rule correctly when it overruled the first and second assignments of error holding that the trial court did not err in sustaining appellee's objection to the depositions of the witness John Stahmer and several others referred to in said assignments of error, or was the ruling of the trial court in excluding said testimony erroneous, as held by the dissenting opinion.

It appears from the record and brief of counsel that appellant had propounded written interrogatories to John Stahmer and several other witnesses. Among the direct interrogatories propounded to said witnesses were additional direct interrogatories Nos. 7 and 8, which are as follows:

Additional direct interrogatory No. 7: "In this case plaintiff alleges that the boiler, fire box, bolts, radial stays, taps, threads, stay bolts, crown sheets, sides, and flues of G. H. & S. A. engine No. 443, which exploded or collapsed near Curry, Tex., January 7, 1907, were old, worn, broken, cracked, crystallized, of inferior metal, improperly constructed, out of repair, defective, dangerous, and unfit for use at the time of said explosion. Please state whether you have made such an examination of the remains of said engine, or whether you made such examination of it prior to said accident as enables you to give an opinion or state as a fact whether or not said allegations are true or false, or whether or not they are in part true and in part false."

Additional direct interrogatory No. 8: "If you have answered 'Yes' to the last question, please state whether in your opinion all of said allegations are true or false, and your reasons for so thinking; and, if you think that some are true and others are false, please state specifically and in detail which you think are true, together with your reason for thinking same, and which of same are false, together with your reason for thinking same false."

To which the witness Stahmer made the following answers:

Answer to interrogatory No. 7: "I made such an examination of this engine prior to the explosion as to enable me to give an opinion as to the truth or falsity of the allegations in this question."

Answer to additional direct interrogatory No. 8: "In my opinion, all of the allegations concerning the fire box, bolts, radial stays, threads, stay bolts, crown sheets, are untrue. My inspection of these parts of this boiler showed the same to be in first-class condition and not defective, dangerous, or unfit for use. There were no leaks in the boiler at the time of my inspection, which means the boiler was in good condition and ready for service. I refer to the inspection on the morning of January 7, 1907. My reasons for so thinking are, no such defects showed up on inspection. It was my duty to find such defects, and my inspection failed to find them. There was nothing in or on the boiler to indicate such defects."

The majority opinion held that the trial court correctly excluded the answers of said witness to each of said interrogatories, while the dissenting opinion held that the witness could not answer that the allegations of the petition were false, yet held that all that part of the answer which related to his inspection of the boiler and the condition of the same at the time of such inspection, together with his opinion thereon, was admissible.

The Supreme Court in answering said certified questions held, first, that the charge on the subject of contributory negligence, as given by the trial court, was correct, thereby sustaining the dissenting opinion in this particular, and answered the second question in the negative, that there was no error on the part of the trial court in giving charges Nos. 7 and 8, thereby sustaining the majority opinion on this feature of the case, and, as to the third question, held that the trial court did not err in sustaining the objection to that part of Stahmer's testimony which undertook to pass upon the truth or falsity of the allegations of plaintiff's petition, but held with the dissenting opinion that that part of the answer of said witness Stahmer which showed that he made an in-

spection of the boiler, crown sheet, and fire box of the engine in question just before the explosion, together with the condition in which he found the same, as well as his opinion predicated upon such inspection, was admissible, as more fully appears from the opinion of the Supreme Court delivered in this case January 25, 1911 (133 S. W. 873).

So that it becomes our duty to hold that we were in error in sustaining the appellee's objection to that portion of the testimony of the witness Stahmer and others, as above indicated in the opinion of the Supreme Court, and for this reason to reverse and remand the case for another trial in the court below, unless, as appellee contends, both in his brief and in his motion to enlarge the certificate, that this error is harmless, because, as he asserts, substantially the same testimony as that excluded was given by each of the witnesses without objection. It would extend this opinion to too great length were we to undertake to set out and compare the testimony of each of said witnesses as admitted with that excluded for the purpose of determining the point raised by appellee; but desire to say that we have carefully made the comparison, and find that the excluded testimony of said witnesses went into minute detail with reference to the mechanism of said engine, boiler, crown sheet, and fire box, showing that the same was constructed out of the best material and in accord with and after the latest models, and that their inspection showed that the same were in all respects in good repair and in good working order at the time of the explosion, while the admitted testimony was general in its nature, and did not undertake to go into detail as did the excluded testimony in these respects, and the latter is fuller and more satisfactory in other particulars. We will, however, call attention in passing to that portion of the testimony of the witness Stahmer that was excluded upon objection of appellee, and compare the same with that portion that was admitted. The following testimony of the witness Stahmer was excluded: "My inspection shows these parts of this boiler (evidently meaning the boiler, fire box, bolts, radial stays, taps, threads, stay bolts, crown sheets, sides, and flues of said engine, as shown from said interrogatories 7 and 8 and his answers thereto) to be in first-class condition, and not defective, dangerous, and unfit for use, which means the boiler was in good condition and ready for service. I refer to the inspection of January 7, 1907. My reasons for so thinking are, no such defects showed up on inspection. It was my dutiy to find such defects and my inspection failed to find them. There was nothing in or on the boiler to indicate such defects."

The following testimony of said witness was admitted: "My best recollection is that I inspected the fire box of engine No. 443 on the morning of January 7, 1907. I inspected it on January 7, 1907, at Ennis roundhouse; this inspection being made before the explosion. The exact hour I do not remember. There were no leaks in the fire box, and, so far as I can now remember, it was in good condition. The material composing the fire box seemed to be good and was in good condition as to repair, and I found no defects in the fire box." The following differences in the two statements are suggested:

(1) It may be doubtful from the admitted statement as to the exact time when the examination was made, whereas in the excluded statement he was positive and emphatic on this point.

(2) He states the condition of the material in the fire box in the admitted statement to be good so far as he now remembers, whereas in the excluded portion he states it positively and definitely and without qualification.

(3) In the excluded portion he speaks with reference to all parts of the boiler; whereas in the admitted portion he only refers to the fire box, when the allegations of defects referred to all its parts, setting them out specifically.

(4) In the excluded part he shows that it was his duty to make this examination, giving this as his reason for noting its condition with so much particularity, a fact that would likely impress these matters upon his recollection, and which would no doubt cause the jury to attach more importance to his testimony. In the admitted portion no mention is made of his duty in this particular.

(5) In the admitted part he states that the material composing the fire box seemed to be good; whereas, in the part excluded he testified that these parts of the boiler were in first-class condition, not defective, dangerous, and unfit for use—no leaks—which means it was in good condition, ready for use.

These are regarded as material differences, and, without further comment, it is clear to us that the error in excluding said testimony was not harmless, for which reason we think both the motion for rehearing, as well as the motion to enlarge the certificate, should be overruled, and it is so ordered.

Motions overruled.