## EDINGTON v. SOUTHERN OLD LINE LIFE INS. CO.
### No. 3933.

Court of Civil Appeals of Texas. Amarillo.
Dec. 14, 1932.

Smith & Smith, of Anson, for appellant.

Willis & Madden, of Dallas, for appellee.

MARTIN, J.

Appellant brought suit against appellee and one B. Childers alleging that said Childers was the district manager for appellee in the Abilene district, and, while in the course of his employment and in the furtherance of his master's business, negligently ran into appellant with an automobile on the highway in Jones county, demolishing the wagon in which appellant was riding and inflicting upon him certain physical injuries not necessary here to mention.

The appellee filed a plea of privilege, alleging its residence to be Dallas county.

Upon a hearing of such plea, the trial court sustained same, and entered judgment transferring appellant's cause as to appellee Southern Old Line Life Insurance Company to the district court of Dallas county, from which appellant duly perfected an appeal to this court.

It appears from the facts introduced on the trial that appellant was driving along the highway at night in a wagon when he was struck by a car driven by B. Childers, with the results set out in the pleadings. Childers was not served with process, and neither entered an appearance nor testified.

The disposition of the question raised here turns upon whether or not appellee, a corporation, committed a "trespass" in Jones county, and the solution of this in turn necessarily depends on whether or not appellee can be legally held for the acts of Childers, since, as a corporation, it could act only through its agents, servants, and employees. If appellee was not constructively present and acting through Childers, obviously no liability is shown, and this regardless of the personal liability of Childers for the alleged act. After the accident in question, appellant visited the sanitarium at Stamford where Childers was then confined as a patient. At this time and place Childers directed his wife to deliver to appellant a card having printed thereon: "Bryan Childers, District Manager, Southern Old Line Life Insurance Company, P. O. Box 728, Abilene, Texas." Thereafter, on a letterhead of the Southern Old Line Life Insurance Company, and having its name printed thereon, Childers wrote appellant a letter. These were apparently admitted by the trial court for the purpose only of identifying Childers. These were the material facts introduced on this phase of the case. Obviously such ex parte hearsay matters could not bind the appellee.

The declarations of an agent are incompetent to establish either the fact of agency or the scope of his authority. Noel v. Denman, 76 Tex. 306, 13 S. W. 318; Buzard v. Jolly (Tex. Sup.) 6 S. W. 422; Latham v. Pledger, 11 Tex. 440; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265; Smyth v. Conner (Tex. Civ. App.) 280 S. W. 600.

It is also well settled that the admission of wholly incompetent evidence will not support a verdict by a jury or finding of fact by a court. Dallas Railway & Terminal Co. v. Bankston (Tex. Com. App.) 51 S.W.(2d) 304, and numerous authorities there collated.

In order to establish liability and hold venue against appellee herein, it was indispensably necessary for appellant to prove the coexistence of two facts, namely, (1) that the relation of master and servant existed between appellee and Childers at the time of the occurrence referred to above, and (2) that at such time Childers was acting within the scope of his employment in performing an act for his master's benefit. National Cash Register Co. v. Rider (Tex. Com. App.) 24 S.W.(2d) 28. The first of these, if established at all, was proven by hearsay acts and declarations of Childers, which were clearly inadmissible for such purpose. There was no attempt to prove the second.

The judgment is affirmed.